UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | In Bankruptcy |
| **ELENA MANNOR,** | Case No. 13-60544-tjt<br>Chapter 7 |
| Debtor(s). | Hon. Thomas J. Tucker |

_____/

**TIMOTHY J. MILLER, TRUSTEE,**

    Plaintiff,

v.                                                    Case No.
                                                         Hon. Thomas J. Tucker

**JERRY MANNOR,**

    Defendant.

_____/

## **COMPLAINT**

Timothy J. Miller, Trustee, in the Chapter 7 Bankruptcy of Elena Mannor, by his attorneys, Schneider Miller P.C., states as follows:

1. Timothy J. Miller (the "Plaintiff") is the duly appointed Chapter 7 bankruptcy trustee of the Elena Mannor bankruptcy estate ("Debtor") and the Plaintiff in this lawsuit.

2. Debtor filed her petition for bankruptcy relief on November 10, 2013.

3. The Defendant Jerry Mannor (the "Defendant") is the Debtor's ex-husband and resides at 15787 Todd Road, Petersburg, MI 49270

4. This lawsuit is an action to avoid a transfer of money and to recover the transfer for the estate pursuant to 11 U.S.C. §§547, 548, 550, 364(h) and Bankr. R. 7001(1).

5. This is a core proceeding and this court has jurisdiction of this matter pursuant to 28 U.S.C. §157(b)(2)(H).

6. During the course of the Debtor and the Defendant's marriage the Debtor jointly owned real estate with the Defendant located at 15787 Todd Road, Petersburg, MI 49270 (the "Real Estate").

7. The Debtor and the Defendant obtained a judgment of divorce on May 23, 2007.

8. Pursuant to the judgment of divorce the Debtor conveyed 50 percent of her interest in her pension to the Defendant.

. 9. Pursuant to the Debtor and the Defendant's divorce property settlement the Debtor was to transfer her interest in the Real Estate to the Defendant.

10. Other than her interest in existing personal property, the Debtor received no property from the Defendant in the divorce.

11. The Debtor executed a deed to transfer the Real Estate on February 14, 2013 and it was recorded on the same day that it was executed.

12. The transfer of the Real Estate occurred within one year of the Debtor's bankruptcy filing.

## COUNT I PREFERENCE

The Plaintiff incorporates by reference paragraphs 1 through 11 above and says:

12. 11 U.S.C. §547(b) says:

the Trustee may avoid any transfer of an interest of the debtor in property—

    **(1)** to or for the benefit of a creditor;

    **(2)** for or on account of an antecedent debt owed by the debtor before such transfer was made;

    **(3)** made while the debtor was insolvent;

    **(4)** made—

* * * *

        **(B)** between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    **(5)** that enables such creditor to receive more than such creditor would receive if—

        **(A)** the case were a case under chapter 7 of this title;

        **(B)** the transfer had not been made; and

        **(C)** such creditor received payment of such debt to the extent provided by the provisions of this title.

13. The Defendant was a creditor of the Debtor prior to the transfer of the Real Estate.

14. The underlying debt was the result of a divorce judgment that was entered years prior to the time the Real Estate was transferred.

15. The Debtor was insolvent at the time that the Real Estate was transferred.

16. The Real Estate transfer occurred between 90 days and a year of the Debtor's bankruptcy filing.

17. The Defendant was an insider of the Debtor – even though the Debtor and the Defendant were divorced at the time of the bankruptcy filing, the Debtor's daughters reside with the Defendant and the Debtor testified that the real estate was transferred

so her daughters would have a place to live. This reflects influence that the Defendant had over the Debtor that is the equivalent of an insider relationship.

18. The Defendant received more than he would have received under a bankruptcy filing had the transfer not taken place.

WHEREFORE the Trustee prays for entry of a judgment in his favor and against the Defendant in the amount of one-half of the value of the Real Estate or alternatively allow the Trustee to sell the property pursuant to 11 U.S.C. §363(h) and divide net sale proceeds with the Defendant.

## **COUNT II FRAUDULENT TRANSFER**

The Plaintiff incorporates by reference paragraphs 1 through 18 above and says:

19. 11 U.S.C. §548 says:

> **(a)(1)** The trustee may avoid any transfer . . . . of an interest of the debtor in property, or any obligation . . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> **(A)** made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted;
>
> or
>
> **(B)**
> **(i)** received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> **(ii)**
> **(I)** was insolvent on the date that such transfer was made or such obligation was incurred, or

became insolvent as a result of such transfer or obligation;

**(II)** was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

**(III)** intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

**(IV)** made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

20. The transfer of the Real Estate by the Debtor to the Defendant of constitutes a transfer as defined at 11 U.S.C. §101(54)(D).

21. The Debtor's conduct including the failure to disclose the Transfer in her bankruptcy schedules and statements support that the Debtor made the transfer of the Real Estate with the actual intent to hinder, delay and defraud creditors.

22. Alternatively, the Debtor did not receive reasonably equivalent value for the transfer of the Real Estate where she received no assets out of the underlying divorce judgment.

23. The Debtor was insolvent during 2013 and the time when the transfer was made.

24. The Debtor made the transfer to or for the benefit of an insider as the term is defined at 11 U.S.C. §101(31)(A) where the Defendant is the Debtor's ex-husband and the father of her children and the Real Estate is the location where the Debtor's children permanently reside.

WHEREFORE this court should enter a judgment in the Plaintiff's favor and against the Defendant avoiding the subject transfer in the amount of the value of the property or alternatively authorizing the Trustee to sell the Real Estate pursuant to 11 U.S.C. §363(h) and to divide the net sale proceeds with the Defendant.

### COUNT III LIABILITY OF TRANSFEREE OF AVOIDED TRANSFER

The Plaintiff realleges and incorporates paragraphs 1 through 24 and says:

25. 11 U.S.C. §550 says:

> **(a)** . . . . to the extent that a transfer is avoided under section . . .. 548 of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>
> **(1)** the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>
> **(2)** any immediate or mediate transferee of such initial transferee.

26. Jerry Mannor was the initial transferee and the Defendants are the immediate transferee of the initial transferee.

WHEREFORE the Plaintiff prays for entry of a judgment in her favor and against the Defendants in the amount of the value of the transferred Real Estate or sell the Real Estate pursuant to 11 U.S.C. §363(h).

### COUNT IV SALE OF ESTATE'S AND DEFENDANT'S INTEREST PURSUANT TO 11 U.S.C. §363(h)

The Plaintiff realleges and incorporates paragraphs 1 through 26 and says:

27. 11 U.S.C. §363(h) says:

> Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the

interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

   **(1)** partition in kind of such property among the estate and such co-owners is impracticable;

   **(2)** sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

   **(3)** the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

   **(4)** such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

28. Had the Real Estate not been transferred prior to the Debtor's bankruptcy filing the Debtor would have continued to hold a joint tenancy interest in the property.

29. A partition of the Real Estate would be impracticable for the reals that the Real Estate comprises residential real estate.

30. The estate's undivided interest in the property would realize significantly less than a sale of the property free and clear of the interests of the Defendant.

31. The benefit to the estate of the sale of the Real Estate outweighs the detriment to the Defendant where he would net one-half of the sale proceeds from the sale of the property/

32. The Real Estate is not used in for any purpose described in 11 U.S.C. §363(h)(4).

WHEREFORE the Trustee prays for a judgment in his favor and against the Defendant to authorize the Trustee at his discretion to list and sell the Real Estate

pursuant to 11 U.S.C. 363(h) to recoup the estate's interest in the Real Estate had the transfer never taken place.


Dated: September 8, 2014 /s/Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Attorney for the Trustee
Law Offices of Schneider Miller, P.C.
645 Griswold, Suite 3900
Detroit, MI 48226
(313) 237-0850
kclayson@schneidermiller.com